Case 4:24-cv-01884   Document 32   Filed on 06/23/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENCHMARK INSURANCE COMPANY, § § § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-01884 |
| § | |
| JORGE ADRIAN LINAN, *et al.*, § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Benchmark Insurance Company's Motion for Summary Judgment (Dkt. 29). After careful consideration of the motion, the record, and the applicable law, the Court **GRANTS** the motion (Dkt. 29).

### I. FACTUAL BACKGROUND

Plaintiff Benchmark Insurance Company ("Benchmark") issued a homeowners insurance policy ("the Policy") to Defendant Yazmin Linan, insuring a property located in Katy, Texas ("the Property"). (Dkt. 29 at p. 3). Though the Policy provides that coverage extends only to "[t]he one-family dwelling where [Defendant Yazmin Linan] reside[s] … on the inception date of the policy period," Defendant Yazmin Linan testified in a deposition that she did not reside at the Property on the inception date of the Policy's policy period. (*Id*. at pp. 5 - 7).

Defendants are being sued in state court under theories of premises liability and gross negligence for an alleged incident that occurred on the Property and resulted in bodily injury of a third party ("the Underlying Lawsuit"). (*Id*. at p. 6); *see Juan Ramon Guevara*

*Ortez v. Linses Land LLC, Jorge Adrian Linan, and Yazmin Linan a/k/a Irasema Yazmin Sesatty*, Cause No. 23-DCV-307962, 400th Judicial District Court of Fort Bend County, Texas. Benchmark brings this action seeking a declaration that it is not liable for defense or indemnity benefits under the Policy. (Dkt. 29 at p. 1). Benchmark argues it is entitled to such declaration both because the Policy bars coverage of the Property and because Defendants failed to cooperate in the investigation, settlement, or defense of the Underlying Lawsuit.[1] (*Id*. at pp. 8 – 18). Defendants did not respond.

## II.   LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

---

[1] The Court does not reach Benchmark's argument on Defendants' alleged failure to cooperate because it decides this motion on other grounds.

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). "[C]onclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). Further, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Summary judgment may not be awarded by default simply because there is no opposition. *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

### III.    ANALYSIS

The Court finds that Benchmark does not owe Defendants defense or indemnity benefits under the Policy because Defendant Yazmin Linan did not live at the Property on the Policy's policy inception date. Accordingly, Benchmark's motion must be granted.

**A.    Duty to Defend**

The Court finds that Benchmark does not owe Defendants the duty to defend under the Policy. Under Texas law, insurance policies are construed in accordance with the same rules as contracts generally. *Canutillo Independent School Dist. v. National Union Fire Insurance Co. of Pittsburgh, Pa.*, 99 F.3d 695, 700 (5th Cir. 1996). A court's primary concern in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. *Federal Insurance Co. v. Northfield Insurance Co.*, 837 F.3d 548, 552 (5th Cir. 2016). The insured bears the initial burden of showing that the claim against it is potentially within the insurance policy's scope of coverage. *Federal Insurance*, 837 F.3d at 552. If there is doubt as to whether a third party's allegations against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in the insured's favor. *Id.*

In determining whether an insurer has a duty to defend an insured against a third-party complaint, Texas courts follow the "eight-corners" rule. *Canutillo*, 99 F.3d at 701. The eight-corners rule determines whether the insurer has a duty to defend by comparing the allegations in the third party's pleadings with the language of the insurance policy. *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). When applying the eight-corners rule, "the court must

focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." *Id*. (quotation marks omitted). In addition to the factual allegations, a court must consider "any reasonable inferences that flow from the facts alleged." *Liberty Mutual Insurance Co. v. Graham*, 473 F.3d 596, 601 (5th Cir. 2006). "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Merchants*, 939 S.W.2d at 141.

The Texas Supreme Court recently detailed an exception to the eight-corners rule. *Monroe Guaranty Insurance Co. v. BITCO General Insurance Corp.*, 640 S.W.3d 195, 204 (Tex. 2022). In *Monroe*, the Texas Supreme Court explained that:

> if the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

*Id*. Here, Benchmark presents extrinsic evidence supporting its argument that it does not have the duty to defend Defendants in the Underlying Lawsuit. (Dkt. 29 at p. 12). Specifically, Benchmark proffers deposition testimony from Defendant Yazmin Linan to demonstrate that she did not live at the Property on the inception date of the Policy's policy period. *Id*.

The Court finds that it may consider this deposition testimony under the *Monroe* exception. First, the testimony at issue goes solely to the issue of coverage and does not overlap with the merits of the Underlying Lawsuit. Where Defendant Yazmin Linan lived

prior to the incident at the Property does not influence Defendants' liability under gross negligence or premises liability theories. Next, the testimony does not contradict facts alleged in the pleadings of the Underlying Lawsuit. *See* (*Id*. at p. 14). Finally, the testimony establishes that Defendant Yazmin Linan did not live at the Property on the inception date. (*Id*. at p. 11). Under the terms of the Policy, this renders the Property as not insured. *Id*. In this way, the deposition testimony conclusively establishes the coverage fact to be proved, and the Court may properly consider Defendants' deposition testimony under the *Monroe* exception.

The Court holds that the undisputed evidence bars coverage under the Policy. The Property is not an insured location under the Policy. (Dkt. 29 at p. 11). Therefore, the Policy does not provide Defendants coverage for any bodily injury arising on the Property. *Id*. Accordingly, Benchmark does not owe a duty to defend Defendants in the Underlying Lawsuit, and summary judgment must be granted in Benchmark's favor.

**B.    Duty to Indemnify**

The Court finds that Benchmark does not owe Defendants the duty to indemnify under the Policy. The duty to indemnify "arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Collier v. Allstate County Mutual Insurance Co.*, 64 S.W.3d 54, 62 (Tex. App.—Fort Worth 2001, no pet.); *see also Reser v. State Farm Fire & Casualty Co.*, 981 S.W.2d 260, 263 (Tex. App.—San Antonio 1998, no pet.). Unlike the duty to defend, which is based on allegations, an insurer's duty to indemnify is based on "the actual facts that underlie the

cause of action and result in liability." *Northfield Insurance Co. v. Loving Home Care*, Inc., 363 F.3d 523, 528–29 (5th Cir. 2004) (quotation marks omitted). "[I]t may be necessary to defer resolution of indemnity issues until after the underlying third-party litigation is resolved because coverage may turn on facts actually proven in the underlying lawsuit." *D.R. Horton-Texas, Ltd. v. Markel International Insurance Co., Ltd.*, 300 S.W.3d 740, 745 (Tex. 2009).

However, as detailed above, the record clearly establishes that the Policy bars coverage over bodily injury occurring at the Property. As such, coverage does not turn on facts actually proven in the Underlying Lawsuit, but instead on facts currently before the Court. Accordingly, for the above reasons, the Court holds that Benchmark does not owe Defendants the duty to indemnify in the Underlying Lawsuit, and summary judgment must be granted.

## IV. CONCLUSION

The Court finds that bodily injury occurring on the Property is not covered under the Policy. Accordingly, Benchmark is entitled to a declaration that it is not liable for defense or indemnity benefits in the Underlying Lawsuit. The Court **GRANTS** the motion for summary judgment.

SIGNED at Houston, Texas on June 23, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE